The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, and with the exception of stipulations referred to in stipulations paragraph two, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. All stipulations contained in the Pre-trial agreement are incorporated herein by reference.
2. All stipulations contained in the March 1, 1996 Consent Motion submitted by the parties are incorporated herein by reference.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDING OF FACT
1. There is no evidence in the record that plaintiff's pre-injury average weekly wage of $896.50 included overtime pay, although it sometimes included working in excess of 40 hours per week.
* * * * * * * * * * *
The foregoing stipulations and finding of fact engender the following:
CONCLUSION OF LAW
1. Plaintiff is entitled to temporary partial disability payments at two thirds of the difference between his pre-injury average weekly wage of $896.50 and his post injury average weekly wage based upon a forty hour work week. Overtime should not be included in a determination of plaintiff's post injury average weekly wage. N.C. Gen. Stat. §97-30; G.S. 97-2(5). See also 2A Larson, Workman's Compensation § 57.33(1982). Larson states (footnotes omitted), "Most obviously of all, although the wage comparison is usually on a weekly or monthly basis, it would not be fair to offset loss due to physical impairment by earnings attributable to claimant's having worked more hours per week. Overtime worked after the injury should be omitted from consideration if overtime was not included in the calculation of the pre-injury wage basis. Similarly, if claimant's hourly wage has fallen, he is entitled to a partial award even if the reduction has been offset by his working longer hours."
* * * * * * * * * *
The foregoing stipulations, finding of fact, and conclusion of law engender the following
ORDER
Defendants shall pay plaintiff the amounts to which he is entitled under this 97-30 diminution wages calculation.
Defendants shall further bear the costs.
* * * * * * * * * * *
This the __________ day of ________________________, 1996.
 S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 04/22/96